**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIAL CONSTRUCTION OF NEW JERSEY, INC., <br><br> Petitioner, <br><br> v. <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825, <br><br> Respondent. | Case No. 2:21-cv-09169 (BRM) (ESK) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Respondent International Union of Operating Engineers Local 825's ("Local 825") Motion for Attorney's Fees. (ECF No. 21.) Petitioner Industrial Construction of New Jersey, Inc. ("Industrial") did not file a response. Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Local 825's Motion for Attorney's Fees is **DENIED**.

### I.  BACKGROUND

The facts and procedural history of this matter are set forth in the Court's Opinion dated November 17, 2021. (ECF No. 17.) Therefore, in the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute and only includes the facts and procedural background relevant to this Motion.

On November 17, 2021, the Court granted Local 825's Motion to Confirm Arbitration Award. (ECF Nos. 17, 18.) Following entry of that Order, Local 825 moved for "this Court to

award reasonable attorney's fees pursuant to the November 17, 2021 Judgment." (ECF No. 21-4 at 1.) Local 825's motion is unopposed.

## II. DECISION

Local 825 argues the Court should exercise its discretion to award attorney's fees and costs because Industrial refused, somehow in bad faith, to comply with the underlying arbitration award and required Local 825 to "unnecessarily expend fees to confirm the award." (ECF No. 21-4 at 1.) Local 825 claims such a request is "consistent with the Federal Arbitration Act ("FAA") and the Rules of Professional Conduct ("RPC")." (*Id.*)

As multiple courts have confirmed, "there is nothing in the [FAA] which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts." *See Davidson Design & Dev. Inc. v. Frison*, 815 F. App'x 659, 661 (3d Cir. 2020) (quoting *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)); *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 467 (6th Cir. 2015); *Mosquito Hunters, LLC v. Kelwood, Inc.*, Civ. A. No. 21-05033, 2021 WL 2850419, at *2 (D.N.J. July 7, 2021). In other words, there is no inherent power or implied authority for this Court to award attorney's fees under the FAA in a confirmation action.

The only case relied upon by Local 825 to justify fees under the FAA does not support Local 825's position. (ECF No. 24-1 at 1.) *Local Union No. 825 v. Key Contr., LLC* involves a mandatory attorney fees award provision in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (2), (3), not pursuant to the FAA, and is therefore inapplicable. Civ. A. No. 05-3269, 2006 WL 1540997, at *7 (D.N.J. May 30, 2006). Accordingly, there is no basis Local 825 has offered for an award of attorney's fees. To the extent that Local 825 requests the Court use its discretion to award attorney's fees, the Court finds Industrial's conduct was not

sufficiently egregious to warrant sanctions. *See, e.g., McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 775, 776 (3d Cir. 1990) (explaining the "American Rule" of litigants bearing their own attorneys' fees and New Jersey's repeated refusal to award attorneys' fees in the absence of a specific rule, statute or contract so providing). Accordingly, Local 825's is not entitled to attorney fees.

### III. CONCLUSION

For the reasons set forth above, Local 825's Motion for Attorney's Fees is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  March 7, 2022